UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **ALLA LEVIN,**<br><br>　　　　**Plaintiff,**<br>**v.**<br><br>**ALLSTATE INSURANCE COMPANY,**<br><br>　　　　**Defendant.** | **COMPLAINT** |

Plaintiff, ALLA LEVIN, by and through his attorneys, files this Complaint against Defendant, ALLSTATE INSURANCE COMPANY, as follows:

## INTRODUCTION

1. This is an action by the Plaintiff, ALLA LEVIN, against his insurance carrier, ALLSTATE INSURANCE COMPANY ("Defendant"), for benefits owed under the flood insurance policy, which have not been fully paid, as a result of Superstorm Sandy.

2. Plaintiff purchased a flood insurance policy from Defendant, which participated with FEMA, and consequently issued the federal Standard Flood Insurance Policy ("SFIP) to the Plaintiff.

3. Defendant failed to fully pay the damages due and owing under the insurance policy.

## PARTIES

4. Plaintiff, ALLA LEVIN ("Plaintiff"), is an individual who owns the subject property located at 111 Falmouth Street, Brooklyn, NY 11235.

5. At all times material hereto, Defendant is a foreign corporation and insurance company authorized to do business in the State of New York.

## JURISDICTION

6. This Court has jurisdiction of this action pursuant to the National Flood Insurance Act, specifically 42 U.S.C. § 4001, *et seq*.

## COUNT ONE – BREACH OF CONTRACT

7. Plaintiff, at all relevant times, has been the owner of certain real property located at 111 Falmouth Street, Brooklyn, NY 11235.

8. Defendant issued a policy of flood insurance to Plaintiff pursuant to the National Flood Insurance Program with the following policy number: 1802649523 (the "Policy"). This policy insured the property owned by Plaintiff and located at 111 Falmouth Street, Brooklyn, NY 11235 (the "Property").

9. All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

10. On or about October 22, 2012, Tropical Storm Sandy formed south of Jamaica.

11. The storm moved on a Northerly track toward the United States and was upgraded to Superstorm Sandy on or about October 24, 2012.

12. In the days following October 24, 2012, it became clear that Superstorm Sandy was on track to strike New York.

13. On or about October 29, 2012, and continuing into October 30, 2012, New York and surrounding areas were ravaged by Superstorm Sandy.

14. Superstorm Sandy was a flood event, a covered risk under the Policy.

15. The Plaintiff's property sustained catastrophic losses as a result of flood waters associated with Superstorm Sandy.

16. Following Superstorm Sandy, the Plaintiff properly and promptly submitted an insurance claim to the Defendant for the losses and damages to the property caused by flood.

17. On or about February 11, 2013, the Defendant issued a building estimate of damages in the amount of $50,997.22, replacement cost value, and $41,390.14, actual cash value.

18. To date, Defendant issued a payment for building damages in the amount of $48,997.22.

19. The Defendant's estimate of damage was insufficient to correct the damage.

20. On or about June 6, 2013, the Plaintiff emailed a signed supplemental Proof of Loss to the Defendant in the amount of $65,943.19, replacement cost value, and $52,047.88, actual cash value.

21. The Defendant, by and through its agents and adjusters has breached the terms of the Policy by failing to pay all amounts due to the Plaintiff pursuant to the terms of the Policy, in that Defendant did not adequately investigate the entire scope of damages and did not properly determine the correct value of the damages.

22. The Defendant, by and through its agents and adjusters has refused to continue to adjust the claim.

23. In addition, Defendant, by and through its agents and adjusters are ignoring the estimates of damages provided by Plaintiff in order to resolve the pending claim.

24. The Plaintiff has complied with all conditions precedent to the bringing of this action or, in the alternative, Defendant has waived same.

25. As a result of the Defendant's breach, the Plaintiff has suffered damages, including the amounts to which they are legally entitled to recover under the terms of the subject Policy.

26. As a result of the Defendant's breach, the Plaintiff has suffered consequential damages over and above the property damages payable under the insurance policy.

27. It is apparent that Defendant, by and through its agents and adjusters will only consider reimbursement of costs incurred for mitigation or repair of the damages, but refuses to compensate Plaintiff for damages that have not already been repaired, even though Plaintiff has provided a detailed line-by-line item estimate of damages.

WHEREFORE, Plaintiff, ALLA LEVIN, sues the Defendant, ALLSTATE INSURANCE COMPANY and requests the following relief:

1. Entry of judgment in his favor for all amounts to which he is entitled under the terms of the subject Policy;

2. Judgment in favor of all consequential damage amounts as a result of Defendant's breach of the insurance Policy and failure to properly adjust the claim;

3. An award of the costs of this action; and

4. Such other and further relief as this Court deems just and appropriate.

**Count Two – REQUEST FOR DECLARATORY RELIEF**

28. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if set forth in full herein.

29. This is an action for Declaratory Judgment filed pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 57.

30. Plaintiff and Defendant are in doubt and dispute of their rights and obligations under the aforementioned Policy. Such doubt and dispute has created a bona fide, actual, and present adverse controversy between the parties regarding the requirements under the Policy.

31. Plaintiff's insured property was damaged as a result of flood associated with Superstorm Sandy on or about October 29, 2012.

32. The Policy provides that the Plaintiff is required to "[w]ithin 60 days after the loss, send us a proof of loss…"

33. On or about October 1, 2013, the deadline within which to submit the Proof of Loss was extended eighteen (18) months from the date of loss by the National Flood Insurance Program in Bulletin W-13060-a.

34. The Plaintiff sent the Proof of Loss to Defendant well before the extended deadline and before filing the instant lawsuit.

35. The Policy also provides that the Plaintiff "may not sue us to recover money under the policy unless [the Plaintiff] has complied with all the requirements of the policy. If you do sue, you must start the suit within one (1) year after the date of the written denial of all or part of the claim…"

36. The Eastern District of Louisiana, under similar circumstances, found:

> The one year time-bar does not begin, as the government claims, one year from the date FEMA denies a claim based on an adjuster's report. Indeed, the government's interpretation of § 4072 would render the August 31, 2005 modification to the NFIP meaningless, in that the modified procedures allow policyholders to submit proof of loss as a means of challenging FEMA's initial notice of disallowance or partial disallowance. See Godfrey v. Chertoff, 2007 WL 2903228 *2 (E.D. La. 2007); Richardson v. Paulison, 2007 WL 647289 *2 (E.D. La. 2007). FEMA is then required to process the proof of loss "in normal fashion," and if the proofof loss is rejected in whole or

>in part, the policyholder may file a lawsuit within one year of the date of the written denial.

*Qader v. Federal Emergency Management Agency*, 543 F. Supp. 2d 558 (E.D. La. 2008); *see also Willis v. State Farm Fire & Casualty*, CIV. A. 07-4862, 2008 WL 793514 (E.D. La. Mar. 24, 2008; *Altman v. Napolitano*, MISC.A G-10-3004, 2013 Wl 788452 (S.D. Tex. Mar. 1, 2013).

37. Based on law these courts have interpreted regarding the limitations period, the Plaintiff should not need to file this lawsuit until one year after their Proof of Loss is received by FEMA. However, since FEMA has indicated it does not have authority to extend the limitations period, the Plaintiff are filing this lawsuit in an abundance of caution at this time.

38. Should this Court agree with the Plaintiff, then the Plaintiff would be amenable to a stay or abatement of this lawsuit pending FEMA's decision on the Plaintiff's Proof of Loss.

39. Therefore, the Plaintiff requests this Court declare that the one year period within which the Plaintiff are required to file suit does not begin to run until FEMA denies a claim that is based upon the Plaintiff's Proof of Loss.

**WHEREFORE**, Plaintiff, ALLA LEVIN, respectfully requests this Honorable Court declare:

1. That the one year period to file suit does not begin to run until FEMA denies a claim that is based upon the insured's Proof of Loss;

2. That Plaintiff complied with the Proof of Loss requirement in the Policy when he sent the Proof of Loss to Defendant before filing this instant lawsuit;

3. That the Plaintiff timely filed the instant lawsuit;

4. That should FEMA adjust the loss based upon the Plaintiff's Proof of Loss, then the lawsuit can be stayed or abated until that process is concluded; and

5. That the Plaintiff is entitled to any other such relief as this Court deems just and appropriate.

Dated: New York City, New York

July 1, 2015            MERLIN LAW GROUP

By:    s /Jason M. Cieri
       Jason M. Cieri, Esquire
       New York Bar No.: 5242938
       jcieri@merlinlawgroup.com
       100 Park Avenue, 16th Floor
       New York, NY 10017
       Ph: (212) 351-5017
       Fax: (212) 880-6499